1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8 | ROBERT MCMANUS KIRILUK, | NO.  C13-1635-MJP-JPD

9 | Plaintiff,

10 | v. | REPORT AND
RECOMMENDATION

11 | CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12

13 | Defendant.

14        Plaintiff Robert McManus Kiriluk appeals the final decision of the Commissioner of

15    the Social Security Administration ("Commissioner") which denied his applications for

16    Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles

17    II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing

18    before an administrative law judge ("ALJ").  For the reasons set forth below, the Court

19    recommends that the Commissioner's decision be REVERSED and REMANDED for further

20    proceedings.

21                      I.       FACTS AND PROCEDURAL HISTORY

22        At the time of the administrative hearing, plaintiff was a forty-nine year old man with a

23    bachelor's degree in business administration.  Administrative Record ("AR") at 35.  His past

24    work experience includes employment as an estimator, contractor/carpenter, and sales

REPORT AND RECOMMENDATION - 1

1   representative.  AR at 24.  Plaintiff was last gainfully employed in December 2008.  AR at

2   207.

3          On December 13, 2010, plaintiff filed a claim for SSI and DIB payments, alleging an

4   onset date of December 13, 2008.  AR at 16, 187-94.  Plaintiff later amended his onset date to

5   April 1, 2010.  AR at 16.  Plaintiff asserts that he is disabled due to impulse disorder,

6   personality disorder, back problems, and alcohol and cocaine dependence.  AR at 207.

7          The Commissioner denied plaintiff's claim initially and on reconsideration.  AR at 116-

8   19, 121-37.  Plaintiff requested a hearing which took place on March 1, 2012.  AR at 31-55.

9   On April 25, 2012, the ALJ issued a decision finding plaintiff not disabled and denied benefits

10  based on her finding that plaintiff could perform a specific job existing in significant numbers

11  in the national economy.  AR at 13-30.   Plaintiff's administrative appeal of the ALJ's

12  decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final

13  decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On September

14  23, 2013, plaintiff timely filed the present action challenging the Commissioner's decision.

15  Dkt. 3.

## II.       JURISDICTION

17         Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§

18  405(g) and 1383(c)(3).

## III.       STANDARD OF REVIEW

20         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

21  social security benefits when the ALJ's findings are based on legal error or not supported by

22  substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

23  Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

24  such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

REPORT AND RECOMMENDATION - 2

1   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

2   (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

3   medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*,

4   53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a

5   whole, it may neither reweigh the evidence nor substitute its judgment for that of the

6   Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

7   susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

8   must be upheld.  *Id.*

9        The Court may direct an award of benefits where "the record has been fully developed

10  and further administrative proceedings would serve no useful purpose."  *McCartey v.*

11  *Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292

12  (9th Cir. 1996)).  The Court may find that this occurs when:

13       (1) the ALJ has failed to provide legally sufficient reasons for rejecting the
         claimant's evidence; (2) there are no outstanding issues that must be resolved
14       before a determination of disability can be made; and (3) it is clear from the
         record that the ALJ would be required to find the claimant disabled if he
15       considered the claimant's evidence.

16  *Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that

17  erroneously rejected evidence may be credited when all three elements are met).

18                    IV.     EVALUATING DISABILITY

19       As the claimant, Mr. Kiriluk bears the burden of proving that he is disabled within the

20  meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th

21  Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in

22  any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

23  expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§

24  423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are

1    of such severity that he is unable to do his previous work, and cannot, considering his age,

2    education, and work experience, engage in any other substantial gainful activity existing in the

3    national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-

4    99 (9th Cir. 1999).

5         The Commissioner has established a five step sequential evaluation process for

6    determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§

7    404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At

8    step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at

9    any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step

10   one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R.

11   §§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the

12   Commissioner proceeds to step two.  At step two, the claimant must establish that he has one

13   or more medically severe impairments, or combination of impairments, that limit his physical

14   or mental ability to do basic work activities.  If the claimant does not have such impairments,

15   he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe

16   impairment, the Commissioner moves to step three to determine whether the impairment meets

17   or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d),

18   416.920(d).  A claimant whose impairment meets or equals one of the listings for the required

19   twelve-month duration requirement is disabled.  *Id.*

20        When the claimant's impairment neither meets nor equals one of the impairments listed

21   in the regulations, the Commissioner must proceed to step four and evaluate the claimant's

22

23        [1] Substantial gainful activity is work activity that is both substantial, i.e., involves
     significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. §
24   404.1572.

REPORT AND RECOMMENDATION - 4

1    residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the

2    Commissioner evaluates the physical and mental demands of the claimant's past relevant work

3    to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If

4    the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true,

5    then the burden shifts to the Commissioner at step five to show that the claimant can perform

6    other work that exists in significant numbers in the national economy, taking into consideration

7    the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g),

8    416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable

9    to perform other work, then the claimant is found disabled and benefits may be awarded.

10                                  V.       DECISION BELOW

11         On April 25, 2012, the ALJ issued a decision finding the following:

12         1.     The claimant meets the insured status requirements of the Social
                  Security Act through December 31, 2013.

13
           2.     The claimant has not engaged in substantial gainful activity since
14                April 1, 2010, the alleged onset date.

15         3.     The claimant has the following severe impairments: degenerative disc
                  disease of the thoracic spine, disc narrowing of the lumbar spine, and
16                depression.

17         4.     The claimant does not have an impairment or combination of
                  impairments that meets or medically equals the severity of one of the
18                listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

19         5.     After careful consideration of the entire record, I find that the claimant
                  has the residual functional capacity to perform medium work as
20                defined in 20 CFR 404.1567(c) and 416.967(c) except he can stand or
                  walk for 3 hours in an 8-hour workday, with breaks and he can sit for
21                6 hours in an 8-hour workday. He can lift or carry 35-40 pounds
                  occasionally, and he can lift 30-35 pounds frequently.  He can
22                understand, remember and perform short instructions, and routine,
                  simple tasks.  He can perform those tasks routinely and consistently
23                through the course of the workday.  He would work best in positions
                  in which he has superficial contact with members of the public.  He
24                could work in proximity to, but not necessarily in coordination with,
                  coworkers.  He works best in a stable environment where there are not

REPORT AND RECOMMENDATION - 5

a lot of changes in the work routine or in individuals coming in and out of the work setting.  He can accept instructions and supervision, but he works best independently.

6.    The claimant is unable to perform any past relevant work.

7.    The claimant was born on XXXXX, 1967 and was 47 years old, which is defined as a younger individual age 18-49, on the amended alleged disability onset date.[2]

8.    The claimant has at least a high school education and is able to communicate in English.

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.   The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2010, through the date of this decision.

AR at 18-25.

## VI.    ISSUES ON APPEAL

The principal issues on appeal are:

1.    Whether the ALJ erred in finding that the plaintiff could perform medium rather than sedentary work and declining to apply the medical-vocational guidelines in a manner consistent with 20 CFR §404.1563(a).

2.    Whether the ALJ erred in failing to find the plaintiff's Post-Traumatic Stress Disorder, Social Anxiety Disorder, and Personality Disorder "severe" impairments.

3.    Whether the ALJ erred in failing to properly address the opinion of treating provider, Mary Montgomery, A.R.N.P.

4.    Whether substantial evidence supports the ALJ's finding the plaintiff's nonexertional limitations would be limited to simple, routine work, only superficial contacts with the public, the ability to work in proximity to but not necessarily in coordination with coworkers and the ability to accept instructions and supervision.

---

[2]  The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 6

1    Dkt. 16 at 2.

2                            VII.    DISCUSSION

3        A.    The ALJ Erred in Her Step Two Findings.

4        At step two, a claimant must make a threshold showing that his medically determinable

5    impairments significantly limit his ability to perform basic work activities.  *See Bowen v.*

6    *Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work

7    activities" refers to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§

8    404.1521(b), 416.921(b).  "An impairment or combination of impairments can be found 'not

9    severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal

10   effect on an individual's ability to work.'"  *Smolen*, 80 F.3d at 1290 (quoting Social Security

11   Ruling (SSR) 85-28).  "[T]he step two inquiry is a de minimis screening device to dispose of

12   groundless claims."  *Id.* (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).

13       To establish the existence of a medically determinable impairment, the claimant must

14   provide medical evidence consisting of "signs – the results of 'medically acceptable clinical

15   diagnostic techniques,' such as tests – as well as symptoms," a claimant's own perception or

16   description of his physical or mental impairment.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th

17   Cir. 2005).  A claimant's own statement of symptoms alone is *not* enough to establish a

18   medically determinable impairment.  *See* 20 C.F.R. §§ 404.1508, 416.908.

19       The ALJ found plaintiff to have the severe impairments of degenerative disc disease of

20   the thoracic spine, disc narrowing of the lumbar spine, and depression.  AR at 18.  Plaintiff

21   argues the ALJ erred in failing to find the additional severe impairments of post traumatic stress

22   disorder ("PTSD"), social anxiety disorder, and personality disorder.  Dkt. 16 at 5-9.  The Court

23   agrees.

24

REPORT AND RECOMMENDATION - 7

1    Dr. Mary Anderson completed a psychological evaluation of plaintiff on January 20,

2    2011.  AR at 352-63.  Dr. Anderson diagnosed plaintiff with dysthymic disorder, PTSD, social

3    anxiety disorder, alcohol dependence in remission, cannabis dependence in remission, and

4    personality disorder NOS.  AR at 358.  Dr. Anderson also opined plaintiff's impairments would

5    cause multiple functional limitations in the workplace.  AR at 359.  While the ALJ did not accept

6    Dr. Anderson's entire opinion, he did accord weight to the opinion that plaintiff's limitations

7    would restrict plaintiff to carrying out short simple instructions.  AR at 22, 359.  It is not self-

8    evidence that these restrictions, based solely upon a finding of depression as a severe

9    impairment, would cover all limitations involving the other mental impairments found by Dr.

10   Anderson, namely PTSD, social anxiety disorder, and personality disorder NOS.  Instead, these

11   diagnoses were just ignored by the ALJ, thus resulting in legal error.  *See Bowen v. Yuckert*, 482

12   U.S. 137, 145 (1987).

13   The Ninth Circuit has "recognized that harmless error principles apply in the Social

14   Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v.*

15   *Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting

16   cases)). The court noted that "in each case we look at the record as a whole to determine [if]

17   the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has

18   "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to

19   the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*,

20   533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to

21   follow the rule that courts must review cases "'without regard to errors' that do not affect the

22   parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407

23   (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).  While the ALJ's

24   RFC finding includes some non-exertional limitations, it is not clear to this Court that the RFC

REPORT AND RECOMMENDATION - 8

1   finding properly incorporated all functional limitations that would result from plaintiff's PTSD,

2   social anxiety disorder, and personality disorder.  As such, had these impairments been

3   properly evaluated at step two, further limitations may have been included in the RFC finding

4   and the disability determination may very well have changed.  Thus, the ALJ's error at step

5   two was not harmless.  *See Molina*, 674 F.3d at 1115.

6       B.      The ALJ Should Reevaluate the Opinion of Mary Montgomery, A.R.N.P., and
                Plaintiff's RFC upon Remand

7       Plaintiff also argues the ALJ erred in evaluating the opinion of Mary Montgomery,

8   A.R.N.P., and in determining plaintiff's RFC.  Dkt. 16 at 2.  The Court has already concluded

9   that the ALJ erred in evaluating plaintiff's severe impairments at step two and that the case

10  should be reversed and remanded for further consideration.  Because the ALJ's determination

11  at step two may affect the ALJ's evaluation of the medical evidence as well as the RFC

12  finding, upon remand the ALJ should also reevaluate Ms. Montgomery's opinion and

13  plaintiff's RFC.

## VIII.   CONCLUSION

15      For the foregoing reasons, the Court recommends that this case be REVERSED and

16  REMANDED to the Commissioner for further administrative proceedings.  A proposed order

17  accompanies this Report and Recommendation.

18      Objections to this Report and Recommendation, if any, should be filed with the Clerk

19  and served upon all parties to this suit by no later than **October 21, 2014**.  Failure to file

20  objections within the specified time may affect your right to appeal.  Objections should be

21  noted for consideration on the District Judge's motion calendar for the third Friday after they

22  are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

23

24

REPORT AND RECOMMENDATION - 9

1   objections.  If no timely objections are filed, the matter will be ready for consideration by the

2   District Judge on **October 24, 2014**.

3        DATED this 7th day of October, 2014.

_James P. Donohue_

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10